P. Kristofer Strojnik, State Bar No. 242728
pstrojnik@strojniklaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602.510.9409 (tel.)

Attorneys for Plaintiff THERESA BROOKE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>GHAKOR B. DESAI, an individual dba Fairfield Inn & Suites San Francisco Airport/Millbrae,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR DAMAGES, DECLARLATORY RELIEF AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT AND UNRUH CIVIL RIGHTS ACT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff alleges:

## PARTIES

1. Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2. Defendant, Ghakor B. Desai, owns and/or operates and does business as the hotel, Fairfield Inn & Suites San Francisco Airport located at 250 El Camino Real,

Millbrae, California 94030. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services.

## INTRODUCTION

3. Plaintiff Theresa Brooke brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its implementing regulations and the California Unruh Civil Rights Act ("Unruh"), California Civil Code §§51, 52.

4. Plaintiff is a disabled woman confined to a wheelchair and brings this action for damages and to correct accessibility barriers at Defendant's hotel. Specifically, Defendant's hotel does not provide the same room-type choices to disabled Americans as it does for able-bodied persons.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

6. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff formerly worked in the hospitality industry and her husband works in the travel industry. She and her husband are avid travelers to California for purposes of leisure travel, hearings, settlement conferences, ENE conferences, joint site inspections and to determine if various hotels across the Country comply with disability access laws. She has been to California countless times over the past few years for purposes of checking ADA compliance, leisure travel, and court-related conferences. Plaintiff and her husband are planning on visiting the Bay Area over the next few

months for purposes of travel, testing ADA compliance and of course for Court-related hearings and conferences.

9. Due to Plaintiff's many special needs, she requires the use of lodging rooms that are accessible to her and have the standard accessibility features such as roll-in showers, adequate spacing the furniture in the lodging room, grab bars surrounding the toilet, and other commonly-accepted accessibility features. Plaintiff also seeks equality in the selection of the same type of lodging rooms that are available to able-bodied persons.

10. In anticipation of Plaintiff's trip, Plaintiff went online to Defendant's website to rent rooms, also with a motivation to check compliance with disability access rules. At Defendant's website, which clearly lists which rooms are accessible and which are not, Plaintiff wanted to rent one of Defendant's One-Bedroom suites with Whirlpool, but Defendant does not provide or make available such rooms that are accessible even though Defendant makes available these rooms that are non-accessible and therefore only available for able-bodied persons. The rooms that Defendant does not make available for disabled persons offer more amenities, space and luxury. Deterred, Plaintiff did not reserve the room and will not visit Defendant's hotel until Defendant makes such rooms available for disabled persons.

11. Plaintiff has actual knowledge of the barrier at Defendant's hotel, and she is deterred from lodging at Defendant's hotel when she visits the Bay area later this year. If, however, prior to her trip Defendant corrects the barrier and notifies Plaintiff of the cure, Plaintiff will visit the hotel at issue.

12. Section 224.5 of the 2010 Standards of Accessible Design requires that hotels "shall provide choices of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests." This includes views and the availability of amenities. Defendant does not provide the same room-type choices for disabled persons as it does for able-bodied persons, which is common in the hospitality industry.

13. Had Defendant provided equality and allowed Plaintiff the same choices as able-bodied persons, which is required by Section 224.5 of the Standards, Plaintiff would have booked a room.

14. Defendant also violates the ADA per se with its refusal to provide certain rooms to disabled persons, but making such rooms available to able-bodied persons. This is the type of discrimination and lack of equality the ADA was intended to eradicate.

15. Plaintiff's injury is a continuing one in two respects. First, she is deterred from lodging at the hotel due to her knowledge of the barrier at the hotel. It is futile for her to visit the hotel and check for compliance and/or lodge at the hotel if the barriers remain. Second, she plans to visit the hotel to ensure her ability to access it and availability of equal room choices if and when she receives notice that the barrier, which denies her full and equal access to the facility, is cured.

16. Plaintiff and other disabled persons have been injured by Defendant's discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's hotel due to the lack of room choice similar to choice for able-bodied persons.

17. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

18. Other potential violations and barriers to entry at Defendant's hotel may be discovered through an expert inspection of the hotel property pursuant to Rule 34. So as to avoid piecemeal litigation to ensure full access to the entirety of the property at issue, Plaintiff will amend her complaint to allege and all additional barriers discovered during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

### FIRST CAUSE OF ACTION
**(Violation of Title III the Americans with Disabilities Act)**

19. Plaintiff incorporates all allegations heretofore set forth.

1    20.    Defendant has discriminated against Plaintiff and others in that it has
2  failed to make its public lodging services fully accessible to, and independently usable
3  by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and §
4  121282(b)(2)(iv) and the 2010 Standards, as described above.

5    21.    Defendant has discriminated against Plaintiff in that it has not provided
6  Plaintiff equal choice among the room types at the hotel in violation of 42 U.S.C.
7  §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the
8  requirements of section 224.5 of the 2010 Standards would neither fundamentally alter
9  the nature of Defendant's lodging services nor result in an undue burden to Defendant,
10  as altering a non-accessible room to an accessible room is a simple endeavor that does
11  not require structural construction.

12    22.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards,
13  as described above, is readily achievable by the Defendant due to the low costs of
14  modifying a non-accessible room. Readily achievable means that providing access is
15  easily accomplishable without significant difficulty or expense.

16    23.    Defendant's conduct is ongoing, and, given that Defendant has never fully
17  complied with the ADA's requirements that public accommodations make lodging
18  services fully accessible to, and independently usable by, disabled individuals, Plaintiff
19  invokes her statutory right to declaratory and injunctive relief, as well as costs and
20  attorneys' fees.

21    WHEREFORE, Plaintiff demands judgment against Defendant as follows:
22        a. A Declaratory Judgment that at the commencement of this action
23           Defendant was in violation of the specific requirements of Title III of the
24           ADA described above, and the relevant implementing regulations of the
25           ADA, in that Defendant took no action that was reasonably calculated to
26           ensure that its lodging rooms were equally distributed to disabled persons;
27        b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if
28           applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2)

and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its lodging rooms into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the lodging rooms are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its lodging rooms are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines; and,

e. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

24. Plaintiff realleges all allegations heretofore set forth.

25. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

26. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

27. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

28. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

29. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

   b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its lodging rooms into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the lodging rooms are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its lodging rooms are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

   c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

   d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28

CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines; and,

e. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

f. For damages in an amount no less than $4,000.00; and

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 19th day of August, 2019.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

**VERIFICATION COMPLIANT WITH R10-3-405**

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 19th day of August, 2019.

_Theresa Brooke_